**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jayce Young**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Sonoran Desert Pet Resort Anthem LLC**, an Arizona limited liability company, **Pet Staycation LLC**, an Arizona limited liability company, **Tail Wags LLC**, an Arizona limited liability company, and **Jon Holmes and Audrey Holmes**, a Married Couple, | |
| Defendants. | |

Plaintiff, Jayce Young ("Plaintiff" or "Jayce Young"), sues the Defendants

Sonoran Desert Pet Resort Anthem LLC, Pet Staycation LLC, Tail Wags LLC

(collectively, the "Entity Defendants"), and Jon Holmes and Audrey Holmes

(collectively, all Defendants are referred to as "Defendants" or "Sonoran Desert Pet

Resort") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article

7.

2.      The FLSA was enacted "to protect all covered workers from substandard

wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

minimum wage of pay for all time spent working during their regular 40-hour

workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-

exempt employees one and one-half their regular rate of pay for all hours worked in

excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within

the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage

payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of

the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because

acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7.     At all times material to the matters alleged in this Complaint, Plaintiff was

an individual residing in Maricopa County, Arizona, and is a former employee of

Defendants.

8.     At all material times, Sonoran Desert Pet Resort Anthem LLC was a

limited liability company duly licensed to transact business in the State of Arizona.  At all

material times, Defendant Sonoran Desert Pet Resort Anthem LLC does business, has

offices, and/or maintains agents for the transaction of its customary business in Maricopa

County, Arizona.

9.     At all relevant times, Defendant Sonoran Desert Pet Resort Anthem LLC

owned and operated as "Sonoran Desert Pet Resort," a pet boarding, grooming, training,

and daycare company doing business in Maricopa County, Arizona.

10.    Under the FLSA, Defendant Sonoran Desert Pet Resort Anthem LLC is an

employer.  The FLSA defines "employer" as any person who acts directly or indirectly in

the interest of an employer in relation to an employee.  At all relevant times, Defendant

Sonoran Desert Pet Resort Anthem LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Sonoran Desert Pet Resort's employees, Defendant Sonoran Desert Pet Resort Anthem LLC is subject to liability under the FLSA.

11.    At all material times, Sonoran Pet Staycation LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Pet Staycation LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.    At all relevant times, Defendant Pet Staycation LLC owned and operated as "Sonoran Desert Pet Resort," a pet boarding, grooming, training, and daycare company doing business in Maricopa County, Arizona.

13.    Under the FLSA, Defendant Pet Staycation LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Pet Staycation LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Sonoran Desert Pet Resort's employees, Defendant Pet Staycation LLC is subject to liability under the FLSA.

14.     At all material times, Tail Wags LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Tail Wags LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15.     At all relevant times, Defendant Tail Wags LLC owned and operated as "Sonoran Desert Pet Resort," a pet boarding, grooming, training, and daycare company doing business in Maricopa County, Arizona.

16.     Under the FLSA, Defendant Tail Wags LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Tail Wags LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Sonoran Desert Pet Resort's employees, Defendant Tail Wags LLC is subject to liability under the FLSA.

17.     Defendants Jon Holmes and Audrey Holmes are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Jon Holmes and Audrey Holmes are owners of Sonoran Desert Pet Resort and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18.     Under the FLSA, Defendants Ron Laikind and Jane Doe Laikind are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Jon Holmes and Audrey Holmes had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Sonoran Desert Pet Resort's employees, Defendants Jon Holmes and Audrey Holmes are subject to individual liability under the FLSA.

19.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20.     Defendants, and each of them, are sued in both their individual and corporate capacities.

21.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a pet boarding, grooming, training, and daycare company in Maricopa County, Arizona.

23.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

24.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

25.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

26.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

27.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

28.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

30.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

31.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

32.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

33.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

35.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

36.     Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

37.     Defendants own and/or operate as Sonoran Desert Pet Resort, an enterprise doing business in Maricopa County, Arizona.

38.     Defendants operate a pet boarding, grooming, training, and daycare company doing business in Maricopa County, Arizona.

39.     Plaintiff was hired by Defendants on or about February 17, 2023, and worked about three shifts during a single workweek.

40.     At all relevant times, Plaintiff worked for Defendants from approximately February 17, 2023, through approximately February 21, 2023.

41.     At all relevant times, in his work for Defendants, Plaintiff worked as a kennel attendant.

42.    Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $15.

43.    Upon information and belief, Plaintiff worked approximately 19 hours in his sole workweek of employment with Defendant.

44.    Defendants failed to compensate Plaintiff any wage whatsoever for the hours he spent working for Defendants during the sole workweek of his employment with Defendant.

45.    On or about February 21, 2023, Plaintiff left his employment with Defendants.

46.    When he left the company, Defendants had in their possession Plaintiff's address.

47.    Defendants never mailed Plaintiff a check for the wages he had earned.

48.    As a result of not having paid any wage whatsoever to Plaintiff during his sole workweek of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

49.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever his final week of work, Defendants violated 29 U.S.C. § 206(a).

50.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

51.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

52.     Plaintiff was a non-exempt employee.

53.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54.     Plaintiff is a covered employee within the meaning of the FLSA.

55.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

56.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

58.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

59.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

60.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.    As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his sole workweek of employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

62.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

63.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jayce Young, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

64.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.    As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his sole workweek of employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

66.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

67.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jayce Young, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS SONORAN DESERT PET RESORT ANTHEM LLC, PET**
**STAYCATION LLC, AND TAIL WAGS LLC, ONLY**

68.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.  As a result of the allegations contained herein, Defendants Sonoran Desert Pet Resort Anthem LLC, Pet Staycation LLC, and Tail Wags LLC (collectively, the "Entity Defendants") did not compensate Plaintiff wages due and owing to him.

70.  Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

71.  As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by the Entity Defendants.

1      72.    Plaintiff is therefore entitled to compensation for his unpaid wages at an

2  hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid

3  wages, plus interest thereon, and his costs incurred.

4      **WHEREFORE**, Plaintiff, Jayce Young, requests that this Court grant the

5  following relief in Plaintiff's favor, and against the Entity Defendants:

6

7  A.    For the Court to declare and find that the Entity Defendants violated the

8      unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages

9      due and owing to Plaintiff;

10

11  B.    For the Court to award an amount that is treble Plaintiff's unpaid wages

12      pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

13  C.    For the Court to award prejudgment and post-judgment interest on any

14      damages awarded;

15

16  D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of

17      the action and all other causes of action set forth in this Complaint; and

18  E.    Such other relief as this Court deems just and proper.

19  **<u>JURY TRIAL DEMAND</u>**

20  Plaintiff hereby demands a trial by jury on all issues so triable.

21

22  RESPECTFULLY SUBMITTED this 6th day of March, 2023.

23

24      BENDAU & BENDAU PLLC

25      By: /s/ *Clifford P. Bendau, II*

26      Clifford P. Bendau, II
    Christopher J. Bendau

27      *Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1

Plaintiff, Jayce Young, declares under penalty of perjury that he has read the

2

3 foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4 asserted therein are true and based on his personal knowledge, except as to those matters

5 stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8
<span style="color:blue">Jayce Young (Mar 6, 2023 12:51 MST)</span>

Jayce Young

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27